IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HERMILO HERRERO, JR., (TDCJ #01470614) | § § § | |
| Petitioner, | § § § | |
| v. | § | CIVIL ACTION NO. H-18-2399 |
| LORIE DAVIS, Director, Texas Department of Criminal Justice - Correctional Institutions Division, | § § § § § | |
| Respondent. | § § | |

## MEMORANDUM AND ORDER

Hermilo Herrero, Jr., a Texas state inmate, has filed a motion for an extension of time to file a federal petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Docket Entry No. 1). For reasons set out below, the court concludes that this case must be dismissed for want of jurisdiction.

In April 2002, Herrero was convicted of murder in Harris County Cause Number 903122 and sentenced to life imprisonment.[1] On December 9, 2003, the Fourteenth Court of Appeals of Texas affirmed his conviction. *See Herrero v. State*, 124 S.W.3d 827 (Tex. App.—Houston [14th Dist.] 2003, no pet.). Herrero filed a state application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure, which the Texas Court of Criminal Appeals denied on June 13, 2018. *Ex parte Herrero*, Application No. WR-86,691-01.

---

[1] The court takes judicial notice of information related to Herrero's state-court proceedings from publicly available state-court records. *See* Website for the Harris County District Clerk, available at https://www.hcdistrictclerk.com (last visited July 13, 2018); Website for the Texas Court of Criminal Appeals, available at http://www.txcourts.gov/cca (last visited July 13, 2018).

On July 6, 2018, the court received Herrero's motion for an extension of time to file a federal petition for a writ of habeas corpus. (Docket Entry No. 1). Noting that he did not receive notice of the Court of Criminal Appeals's decision until June 17, 2018, and that he has limited access to the prison law library, Herrero requests a 30-day extension of time to file his federal petition. *Id.* He has not filed a petition for federal habeas corpus relief or otherwise described the claims he intends to raise. Nor has he paid the filing fee or requested leave to proceed without prepaying the filing fee.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996), Herrero's federal habeas corpus petition is subject to a one-year limitations period. 28 U.S.C. § 2244(d)(1). Herrero's request for an extension of time asks to delay that deadline for filing. Because Herrero has not yet filed a federal habeas corpus petition, there is no case, and no jurisdiction, for the court to consider whether that is appropriate. *See United States v. Leon*, 203 F.3d 162, 163 (2d Cir. 2000) (a federal court lacks jurisdiction to consider whether a proposed collateral challenge under 28 U.S.C. § 2255 is timely, under AEDPA's one-year statute of limitations, until such a motion is actually filed); *United States v. McFarland*, 125 F. App'x 573 (5th Cir. 2005) (following *Leon*); *see also Fierro v. Cockrell*, 294 F.3d 674, 680 (5th Cir. 2003) (a motion seeking authorization to file a habeas petition is not an actual petition and does not toll the statute of limitations).

Under Article III of the Constitution, the judicial power of the federal courts is limited to "cases" or "controversies." *Leon*, 203 F.3d at 164 (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239 (1937)). "[A] federal court lacks the power to render advisory opinions." *Id.* (quoting *U.S. Nat'l Bank v. Independent Ins. Agents of Am., Inc.*, 508 U.S. 439, 446 (1993) (internal quotation marks and brackets omitted)). Unless a petitioner has filed a habeas corpus petition, there is no case

or controversy and an opinion on the timeliness of a potential petition is hypothetical and advisory. *See Pounds v. Quarterman*, Civil No. 3:08-CV-0416-K, 2008 WL 1776456, *1 (N.D. Tex. April 14, 2008); *see also Heileman v. Court of Criminal Appeals*, Civil No. 1:08-CV-0395, 2008 WL 3914123, *2 (E.D. Tex. Aug. 19, 2008) (rejecting a habeas petitioner's motion for an extension of time and dismissing without prejudice for lack of subject-matter jurisdiction).

If or when Herrero files a federal habeas corpus petition, the court may then consider whether the petition is timely. Until he submits a petition, however, there is no federal court jurisdiction to consider the matter.

The motion for an extension of time to file a § 2254 petition, (Docket Entry No. 1), is denied. This proceeding is dismissed without prejudice for want of jurisdiction. A certificate of appealablity is denied.

SIGNED on July 16, 2018, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge